**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE 1000,

      Plaintiff,                                      CASE NO:    19-cv-10577-LGS

v.

DARREN K. INDYKE and RICHARD D. KAHN,
in their capacities as the executors of the
ESTATE OF JEFFREY EDWARD EPSTEIN,

      Defendants.

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Plaintiff Jane Doe 1000, by her undersigned attorneys, respectfully submits this memorandum of law in support of her motion for leave to proceed anonymously.

## INTRODUCTION

This lawsuit arises out of Jeffrey Epstein's years-long sexual abuse of Plaintiff. Because of Jeffrey Epstein's death on August 10, 2019, Plaintiff's civil lawsuit against Defendants for battery and intentional infliction of emotional distress is the only avenue for obtaining some form of justice. But releasing her name to the public will expose some of her darkest moments and tie those moments to her name in perpetuity. Using her real name in this litigation, therefore, would cause her significant harm and distress, and would inhibit her ability to heal. For these and similar reasons, other courts have allowed Epstein's victims to proceed anonymously in numerous cases. *See, e.g.*, *Doe 17 v. Indyke et al.*, No. 19 Civ. 9610 (S.D.N.Y. Nov. 8, 2019), Dkt. 25; *Katlyn Doe v. Darren K. Indyke, et al.*, No. 19 Civ. 7771 (S.D.N.Y. Sept. 12, 2019), Dkt. 28; *Jane Doe 43 v. Epstein et al.*, No. 17 Civ. 616 (S.D.N.Y. Apr. 5, 2017), Dkt. 28; *Jane Doe No. 103 v. Epstein*, No. 10 Civ. 80309 (S.D. Fla. Mar. 9, 2010), Dkt. 5; *Doe v. Epstein*, No. 08 Civ. 80119 (S.D. Fla. Aug. 7, 2009), Dkt. 253; *Doe v. Epstein*, No. 08 Civ. 80893 (S.D. Fla. Oct. 6, 2008), Dkt. 15 at 2–3.

Epstein's sex-trafficking enterprise has become highly publicized. The egregiousness of his crimes and his escape from proportionate punishment—Epstein entered into a Non-Prosecution Agreement with the U.S. Attorney for the Southern District of Florida in 2008 and died in prison after the U.S. Attorney for the Southern District of New York indicted him for federal sex-trafficking crimes in July 2019—has made his case one of public fascination. The names of the victims who have come forward against Epstein thus far have been widely publicized and

discussed by the media. Plaintiff Jane Doe 1000 should therefore be permitted to file this lawsuit anonymously.

## ARGUMENT

Although Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties," the Second Circuit has recognized that the use of a pseudonym is appropriate in certain circumstances. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). In determining whether to grant a motion for leave to proceed anonymously, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. The Second Circuit has "note[d] with approval" the following list of ten non-exhaustive factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (internal quotation marks and citations omitted). Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the

interests at stake in reaching its conclusion." *Id.* at 191 n.4. Taking those factors into account, Plaintiff's interest in anonymity substantially outweighs both the public interest in disclosure and potential prejudice to Defendants, if any, and she should be allowed to proceed as Jane Doe 1000 in this case.

### I. Plaintiff's Interest in Anonymity Favors Allowing Her to Proceed as Jane Doe 1000.

The first three factors of the Second Circuit's test weigh heavily in favor of Plaintiff proceeding as Jane Doe 1000. The first is "whether the litigation involves matters that are highly sensitive and of a personal nature." *Id.* at 190 (internal quotation marks omitted). "[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). The allegations of sexual assault in Plaintiff's Complaint could not be more sensitive. She alleges that Jeffrey Epstein sexually trafficked, abused, and exploited her for years in a humiliating and degrading manner. Epstein forced Plaintiff to give him sexual massages in which he ended up forcing her to engage in various sex acts with him. Compl. ¶¶ 40–42, 46. He also forced her to let him use sex toys on her, and he forced her to engage in sex acts with Ghislaine Maxwell. Compl. ¶¶ 42, 46. Those were some of the most sensitive, degrading, and painful moments of Plaintiff's life, warranting anonymity in this case.

The second factor, "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously," *Sealed Plaintiff*, 537 F.3d at 190, also weighs in favor of Plaintiff proceeding anonymously. The deceased Epstein is not the only person that Plaintiff's Complaint accuses of wrongdoing. She also alleges, in graphic detail, that Ghislaine Maxwell sexually assaulted her. Compl. ¶ 46. Maxwell is still alive and at large, and has been known to threaten both the lives and livelihoods of her victims. *See, e.g.*, Mike Baker, *The Sisters Who First Tried to Take Down Jeffrey Epstein*, N.Y. Times (Aug. 26, 2019),

4

https://www.nytimes.com/2019/08/26/us/epstein-farmer-sisters-maxwell.html (recounting an incident in which Maxwell threatened to ruin a victim's career and suggested that she could have the victim killed). Plaintiff is rightfully afraid of Maxwell and how she might retaliate against Plaintiff for the allegations against Maxwell in the Complaint. The second factor therefore weighs in favor of allowing Plaintiff to proceed anonymously.

The third factor, "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," *Sealed Plaintiff*, 537 F.3d at 190 (internal quotation marks and citation omitted), also weighs in favor of anonymity. Exposing Plaintiff's identity would cause her precisely the injuries for which she is seeking redress in this case: extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of her privacy. *See* Compl. ¶¶ 53, 59. Further, unlike most sexual assault cases, Epstein's crimes and victims have been the subject of an extraordinary amount of media attention, and many of his victims have been heavily scrutinized by the public. There is no reason to believe that Plaintiff would be subject to any less scrutiny than the women who have already spoken out against Epstein if she were to proceed under her real name. Such scrutiny would have both personal and professional consequences for Plaintiff. Her relationships would suffer. And as for her career, Plaintiff has significant concern that the public scrutiny could cause her professional harm.

**II.   Defendants Will Not Suffer Any Prejudice if Plaintiff Proceeds as Jane Doe 1000.**

The sixth factor of the Second Circuit's test for deciding whether to grant a motion for leave to appear anonymously is "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." *Sealed*

*Plaintiff*, 537 F.3d at 190.  "In determining whether a defendant will be prejudiced, courts look at the damage to a defendant's reputation caused by the anonymous proceedings, difficulties in conducting discovery, and the fundamental fairness of proceeding in this manner." *Doe v. Solera Capital LLC*, No. 18 Civ. 1769, 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019).

This matter will have little to no effect on Epstein's reputation.  Epstein's crimes have been widely publicized, as has his *modus operandi* of recruiting and sexually abusing young, vulnerable women by offering to pay them for massages turned into unwelcome sexual encounters.  Epstein was investigated for molesting more than 30 underage girls in Florida.  And shortly before his death, the U.S. Attorney for the Southern District of New York charged Epstein with sex trafficking and accused him of enticing, recruiting, and molesting girls as young as 14 years old.  Even during his life, Epstein himself boasted about his predilection for young girls.  *See* James B. Stewart, *The Day Jeffrey Epstein Told Me He Had Dirt on Powerful People*, N.Y. Times (Aug. 12, 2019), https://www.nytimes.com/2019/08/12/business/jeffrey-epstein-interview.html (describing an interview in which Epstein said that "that criminalizing sex with teenage girls was a cultural aberration and that at times in history it was perfectly acceptable").  This lawsuit will not cause any damage to Epstein's reputation that has not already been done.

With respect to difficulties in conducting discovery to investigate Plaintiff's claims, Plaintiff would be willing to cooperate with Defendants to ensure that they could effectively conduct discovery and defend against Plaintiff's claims.  There would therefore be little to no prejudice to Defendants if Plaintiff were to remain anonymous.

Plaintiff has also remained anonymous since Epstein abused her, which favors anonymity under the Second Circuit's seventh factor:  "whether the plaintiff's identity has thus far been kept confidential."  *See Sealed Plaintiff*, 537 F.3d at 190.  Until now, she has never spoken out against

6

Epstein.  Nor are the details in Plaintiff's Complaint unique enough to make her identity discernible to the public or Epstein's cohorts; unfortunately, countless victims have stories that are extremely similar to hers.  This is therefore not a case in which a plaintiff attempts to gain an advantage by making accusations to the media, but then shields her name in court.  *Compare Solera Capital*, 2019 WL 1437520, at *7 (finding that "the fact that Doe's anonymity to the public has been preserved to date" weighed in favor of proceeding anonymously), *with Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (denying motion for leave to proceed anonymously where the plaintiff was accusing a high profile person of sexual assault and "the press [had] known [the plaintiff's] name for some time").

### III. The Public Has Little to No Interest in Disclosure of Plaintiff's Name.

The eighth and ninth factors of the Second Circuit's test for deciding whether to grant a motion for leave to appear anonymously ask the court to weigh the public's interest in disclosure of the plaintiff's identity.  *See Sealed Plaintiff*, 537 F.3d at 190.  Those factors weigh in favor of allowing Plaintiff to proceed anonymously here.  Epstein had many victims, and the total number is still unknown.  Although the public has an interest in Epstein's life and crimes generally, the identity of Plaintiff is of no particular importance to the public.  Plaintiff is not a public figure, and she had never spoken out against Epstein or his co-conspirators before filing this lawsuit.  The public's interest in this case is therefore not in the Plaintiff's identity, but rather in the crimes Epstein committed against Plaintiff and countless other victims.

In fact, the public interest would be better served by protecting Plaintiff's identity.  "[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes."  *Kolko*, 242 F.R.D. at 195; *see also* N.Y. Civil Rights Law § 50-b (McKinney 2019) (shielding sex-abuse victims from identification in, among other things, any "police report, court file, or other document").  Coming forward with

allegations of sexual assault is already extremely difficult for many survivors. *See* Cameron Kimble, *Sexual Assault Remains Dramatically Underreported*, Brennan Center for Justice (Oct. 4, 2018), https://www.brennancenter.org/our-work/analysis-opinion/sexual-assault-remains-dramatically-underreported ("Sexual assault survivors struggle with a wide range of emotions that make coming forward difficult: fear of revictimization, distortion of allegations, and generally not being believed."). Keeping Plaintiff's name from the public will ensure that media scrutiny of her story will not deter other Epstein victims from sharing their own experiences.

### IV. There Are No Adequate Alternatives for Protecting Plaintiff's Confidentiality.

The final factor is whether there are alternative mechanisms for protecting the plaintiff's identity. *Sealed Plaintiff*, 537 F.3d at 190. In this case, anything less than full protection of Plaintiff's identity would exacerbate the harms that Plaintiff has already suffered due to the conduct described in the Complaint. There is no adequate alternative mechanism for protecting her confidentiality. Plaintiff should therefore be granted leave to proceed anonymously in this case.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion to proceed anonymously.

Dated:  November 20, 2019               Respectfully Submitted,

/s/ Joshua I. Schiller

David Boies
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
(914) 749-8200

Joshua I. Schiller
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300

Sigrid McCawley
(Pro Hac Vice Pending)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

*Counsel for Plaintiff, Jane Doe 1000*