UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1000,<br><br>   *Plaintiff*,<br><br> v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the executors of the ESTATE OF JEFFREY EDWARD EPSTEIN,<br><br>   *Defendants*. | Case No. 1:19-cv-10577-LJL-DCF |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    A.    Plaintiff has the procedural burden backwards: she fails to meet her burden to allege facts sufficient to invoke an extraordinary exception to the statute of limitations. ..................................................................................... 1

        1.    Plaintiff is unable to invoke CPLR § 215(8)(a) because she fails to present a criminal indictment that arises from Decedent's alleged conduct towards her ................................................................................ 1

        2.    Plaintiff bears the burden to *allege* "extraordinary" circumstances; she fails to meet this burden……………………………….…………..3

    B.    N.Y. C.P.L.R. § 213-c is not applicable retroactively. ........................................... 6

    C.    This motion is proper and timely regardless of its title. …………………………6

    D.    There is no basis to disregard black letter New York law applying the law of the place of alleged torts to the issue of punitive damages. .............................. 7

    E.    Even if USVI law applies, which it does not, it follows the majority rule prohibiting recovery of punitive damages against a tortfeasor's estate ................ 9

CONCLUSION ............................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abercrombie v. College*,
   438 F. Supp. 2d 243 (S.D.N.Y. 2006).......................................................................................3

*Amusement Indus. v. Stern*,
   693 F. Supp. 2d 301 (S.D.N.Y. 2010).......................................................................................1

*Blissett v. Eisensmidt*,
   940 F. Supp. 449 (N.D.N.Y. 1996)...........................................................................................8

*Booth v. Bowen*,
   No. CIV. 2006-217, 2008 WL 220067 (D.V.I. Jan. 10, 2008) ...............................................10

*Brandy v. Flamboyant Inv. Co., Ltd.*,
   24 V.I. 249 (V.I. Terr. Ct. 1989).............................................................................................10

*Brown v. Parkchester S. Condos.*,
   287 F.3d 58 (2d Cir. 2002).......................................................................................................5

*Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*,
   No. 07-CV-7998 (HB), 2008 WL 1710910 (S.D.N.Y. Apr. 10, 2008) ....................................7

*Davis v. Christian*,
   46 V.I. 557 (D.V.I. App. Div. 2005).......................................................................................10

*Davis v. Jackson*,
   No. 15-cv-5359 (KMK), 2016 WL 5720811 (S.D.N.Y. Sept. 30, 2016) .................................5

*Deutsch v. Novartis Pharms. Corp.*,
   723 F. Supp. 2d 521 (E.D.N.Y. 2010) .....................................................................................8

*Fairley v. Collins*,
   No. 09-CV-6894 (PGG), 2011 WL 1002422 (Mar. 15, 2011 S.D.N.Y.)
   (Gardephe, J.)............................................................................................................................3

*Funk v. Belneftekhim*,
   No. 14-CV-0376 (BMC), 2019 WL 3035124 (E.D.N.Y. July 11, 2019) ................................4

*Gen. Stencils, Inc. v. Chiappa*,
   219 N.E.2d 169 (N.Y. 1966).....................................................................................................5

*Gotlin v. Lederman*,
   No. 05-CV-1899 (ILG), 2006 WL 1154817 (E.D.N.Y. Apr. 28, 2006)...................................5

*Gov't of Virgin Islands v. Connor*,
  No. S. CT. CIV. 2013-0095, 2014 WL 702639 (V.I. Feb. 24, 2014) .........................................9

*Guidi v. Inter-Continental Hotels Corp.*,
  No. 95-CV-9006 (LAP), 2003 WL 1846864 (S.D.N.Y. Apr. 16, 2003) ...................................8

*Guobadia v. Irowa*,
  103 F. Supp. 3d 325 (E.D.N.Y. 2015) ......................................................................................5

*Hamilton v. Dowson Holding Co.*,
  51 V.I. 619 (D.V.I. 2009)........................................................................................................10

*Hunter v. Palisades Acquistion XVI, LLC*,
  No. 16-civ-8779 (ER), 2017 WL 5513636 (S.D.N.Y. Nov. 16, 2017).....................................1

*Isaac v. Crichlow*,
  63 V.I. 38, 2015 WL 10568556 (V.I. Super. Ct. 2015) ..........................................................10

*Kashef v. BNP Paribas S.A.*,
  925 F.3d 53 (2d Cir. 2019).......................................................................................................3

*Kunica v. St. Jean Fin.*,
  No. 97-CV-3804 (RWS), 1998 WL 437153 (S.D.N.Y. July 29, 1998)....................................6

*In re Merrill Lynch Auction Rate Sec. Litig.*,
  851 F. Supp. 2d 512 (S.D.N.Y. 2012).......................................................................................7

*Nash v. Coram Healthcare Corp.*,
  No. 96-CV-0298 (LMM), 1996 WL 363166 (S.D.N.Y. June 27, 1996) ..................................7

*Nat'l Jewish Democratic Council v. Adelson*,
  417 F. Supp. 3d 416 (S.D.N.Y. 2019)...................................................................................8, 9

*Okyere v. Palisades Collection, LLC*,
  961 F. Supp. 2d 522 (S.D.N.Y. 2013).......................................................................................1

*Ortiz v. Cornetta*,
  867 F.2d 146 (2d Cir. 1989)......................................................................................................1

*Pappas v. Hotel on the Cay Time-Sharing Ass'n*,
  69 V.I. 3 (U.S.V.I. Super. Ct. 2015) .......................................................................................10

*SJB v. N.Y.C. Dep't of Educ.*,
  No. 03-CV-6653 (NRB), 2004 WL 1586500 (S.D.N.Y. July 14, 2004) ..................................6

*St. Thomas House, Inc. v. Barrows*,
  15 V.I. 435 (V.I. Terr. Ct. 1979).............................................................................................10

*Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*,
    No. 14-CV-0463 (JMF), 2015 WL 2152816 (S.D.N.Y. May 7, 2015) ...................................7

*Stenberg v. Carhart*,
    530 U.S. 914 (2000)..........................................................................................................1

*The Cookware Co. (USA), LLC v. Austin*,
    No. 15-CV-5796 (DAB), 2016 WL 7378762 (S.D.N.Y. Dec. 8, 2016) ...................................6

*Thomas v. Rijos*,
    780 F. Supp. 2d 376 (D.V.I. 2011) ....................................................................................0

## Statutes

EPTL §11-3.2(a)(1).......................................................................................................7, 8

## Other Authorities

C. Wright & A. Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.) .............................................6

CPLR § 215(8)(a) ................................................................................................1, 2, 3

Fed. R. Civ. P. 12(b)(6)..................................................................................................3

2 Linda L. Schlueter, *Punitive Damages* § 20.4 (7th ed. 2015).......................................................11

Restatement (Second) of Torts § 908(2)...............................................................10, 11

The Co-Executors[1] submit this reply memorandum of law in support of their motion to dismiss Plaintiff's Complaint (ECF No. 1).

## PRELIMINARY STATEMENT

In her opposition brief, Plaintiff effectively asks the Court to depart from well-established law to resuscitate her claims that expired fifteen years ago.  <u>First</u>, Plaintiff asks the Court to disregard basic principles of statutory interpretation and numerous cases applying CPLR § 215(8)(a) by holding that, unless a criminal indictment expressly rules out that it arises from the same event as a civil action, a plaintiff in the civil action may invoke that rule to revive a time-barred claim.  <u>Second</u>, Plaintiff asks the Court to disregard Second Circuit authority holding that it is Plaintiff's burden to allege "extraordinary circumstances" to toll the statutes of limitations.  <u>Third</u>, while conceding that courts generally apply the law of the place of a tort to the issue of punitive damages, Plaintiff nonetheless urges this Court to create a new rule whereby, if an alleged tortfeasor's will is being probated in a jurisdiction that has nothing to do with the tort, the law of the probate jurisdiction should apply.  Plaintiff's requests are baseless.

## ARGUMENT

**A.  Plaintiff has the procedural burden backwards: she fails to meet her burden to allege facts sufficient to invoke an extraordinary exception to the statute of limitations.**

  1.  <u>Plaintiff is unable to invoke CPLR § 215(8)(a) because she fails to present a criminal indictment that arises from Decedent's alleged conduct towards her.</u>

Plaintiff's central premise in arguing for application of CPLR § 215(8)(a) to this action, notwithstanding the Indictment charges sex-trafficking of minors while Plaintiff alleges she was abused by Decedent as an adult, is that the "pattern described in the Indictment matches [Plaintiff's] experience."  (Op. Br. p. 4.)  Even assuming that is correct, it does not render CPLR

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Co-Executors' moving brief (ECF No. 34).

1

§ 215(8)(a) applicable. Rather, to invoke CPLR § 215(8)(a), Plaintiff is required to establish the Indictment and this action arise from the same "event or occurrence"—i.e., what Decedent allegedly did ***to her***. Plaintiff fails to do this.

The Indictment has nothing to do with Plaintiff, even if it concerns her alleged abuser and describes a "pattern" similar to what she described. There is no legal authority that permits a civil Plaintiff to interpret CPLR § 215(8)(a) in such an open-ended manner. Plaintiff's assertion that the Indictment "was not restricted to minors" (Op. Br. p. 6) defies a plain reading of it. Plaintiff's reliance on an FBI press release (*id*. at 6-7) is unconvincing in light of the language in the Indictment itself: it alleges that Decedent sexually trafficked "minor girls" (Compl., Ex. A at ¶ 1), stating throughout that it concerns sex trafficking of "minors" (*id.*, Ex. A at ¶¶ 2-4, 6, 8, 11-15, 18-20, 22).

The cases cited in the Co-Executors' moving brief confirm that, even where it is undisputed that the subject criminal indictment concerns the civil plaintiff and the same kind of conduct alleged in the plaintiff's civil complaint, CPLR § 215(8)(a) still does not apply where the indictment and civil action arise from different events or occurrences—*i.e.*, the express limitation set forth in the text of CPLR § 215(8)(a). (*See* Op. Br. pp. 5-6.) Plaintiff's attempt to distinguish these cases on the ground that they "focused on events that occurred on specific dates" (*id.*, p. 9) is based on Plaintiff's dubious assertion that, because the Indictment at issue here "was not limited to a specific day or discrete event" (*id.*, p. 10), anyone alleging she suffered the same type of misconduct described in the Indictment is free to invoke CPLR § 215(8)(a). Such a reading renders the limitation in CPLR § 215(8)(a) meaningless and does not comport with the rationale set forth in the cited decisions.

Plaintiff once again relies on *Kashef v. BNP Paribas S.A.*, 925 F.3d 53 (2d Cir. 2019), notwithstanding that the Co-Executors already demonstrated that *Kashef*, which concerned a conspiracy between BNP and Sudan to violate U.S. sanctions, is factually distinguishable from this action. (Mov. Br. p. 8.) Plaintiff's decision to cite *Kashef* again shows that she has not located any relevant authority to rebut the cases cited by the Co-Executors.

    2.    <u>Plaintiff bears the burden to **allege** "extraordinary" circumstances; she fails to meet this burden.</u>

Plaintiff misstates the burden with respect to equitable estoppel by asserting "Defendants have failed to meet their burden of showing that [she] will be unable to invoke equitable estoppel and … tolling." (Op. Br. p. 1.) As explained in the Co-Executors' moving brief, the burden is on **Plaintiff** to sufficiently allege "extraordinary circumstances" to invoke these doctrines. (Mov. Br. pp. 8-11.)

In her opposition brief, Plaintiff does not even attempt to address many of the cases that the Co-Executors cite on this point, including *Abercrombie v. College*, 438 F. Supp. 2d 243 (S.D.N.Y. 2006) ("without adequate pleading, the issue is not properly raised and therefore cannot defeat a motion to dismiss based on statute of limitations grounds"), and this Court's decision in *Fairley v. Collins*, No. 09-CV-6894 (PGG), 2011 WL 1002422, at *4-6 (Mar. 15, 2011 S.D.N.Y.) (Gardephe, J.) (finding equitable tolling did not apply and granting defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss complaint on statute of limitations grounds).

Plaintiff fails to meet her burden. In her opposition brief, Plaintiff attempts to paint a more detailed picture of why she waited 15 years to bring this action than she did in her Complaint. However, the Complaint is controlling. In her Complaint, Plaintiff does not allege: any particularized acts by Decedent that prevented her from exercising her rights; that Decedent made

3

a misrepresentation to her and had reason to believe she would rely on it; or that she reasonably relied on any misrepresentation by Decedent to her detriment.

Rather, excluding vague allegations concerning Decedent's alleged misconduct directed at some unidentified set of alleged victims that does not include Plaintiff (*see, e.g.*, Compl. ¶ 26 ("[Decedent] … manipulate[d] his victims")), Plaintiff merely asserts the following allegations concerning events allegedly occurring in 1999: "Upon meeting [Plaintiff], [Decedent] offered her a position modeling with Victoria's Secret . . . [Decedent] reiterated his connection to Victoria's Secret each time he saw and spoke with [Plaintiff]" (*id.* ¶ 39); Plaintiff was "terrified of [Decedent], who repeatedly threatened her and made representations about his wealth, power, and connections" (*id.* ¶ 40); "On one occasion, [Decedent] forced [Plaintiff] to meet with a lawyer … and [Decedent] later used the information that the lawyer had obtained through his meeting with [Plaintiff] to intimidate her and to keep her compliant in his sex-trafficking scheme" (*id.* ¶ 43); "[Decedent] made very clear to [Plaintiff] that he was incredibly wealthy, powerful, and regularly in contact with world leaders … he had photographs displayed of significant political figures to ensure that any young female entering the home would know that he had extensive government connections … [Decedent] was not to be disobeyed and he made clear by his words and actions that there would be consequences if [Plaintiff] did not comply with his demands" (*id.* ¶ 44); and "[Decedent] constantly promised [Plaintiff] modeling opportunities … up until the last time [Plaintiff] saw [Decedent]" (*id.* ¶ 45).

These nebulous allegations do not constitute "exceptional" circumstances that justify permitting Plaintiff to pursue this action that expired 15 years ago.  Not a single case Plaintiff cites supports a finding that her allegations are "extraordinary."  To the contrary, *Funk v. Belneftekhim*, No. 14-CV-0376 (BMC), 2019 WL 3035124 (E.D.N.Y. July 11, 2019), which Plaintiff cites,

4

confirms that her allegations fall short. In that matter, the court found the plaintiffs "alleged extraordinary circumstances that could warrant the application of equitable tolling: they were drugged, kidnapped, flown to Belarus, held captive, and tortured for 383 and 483 days, respectively." *Id*. at *2. There are no such allegations here.

Other cases Plaintiff cites likewise support the conclusion she has not met her burden. *See Gotlin v. Lederman*, No. 05-CV-1899 (ILG), 2006 WL 1154817, at *30 (E.D.N.Y. Apr. 28, 2006) (plaintiffs in medical malpractice action alleged defendants failed to provide them with, and intentionally and fraudulently attempted to discourage and prevent them from obtaining, their medical records); *Gen. Stencils, Inc. v. Chiappa*, 219 N.E.2d 169, 171 (N.Y. 1966) (plaintiff was allowed to invoke equitable estoppel against a bookkeeper who had used his position to carefully conceal his theft of the plaintiff's money); *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 59 (2d Cir. 2002) (employee argued his medical condition prevented him from timely filing his complaint); *Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015) (plaintiff filed her lawsuit less than a year after leaving a home where she was allegedly forced to work without pay as a servant). Other cases Plaintiff cites do not even address the issues on this motion.[2]

Plaintiff's reliance on *Davis v. Jackson*, No. 15-CV-5359 (KMK), 2016 WL 5720811, at *11 (S.D.N.Y. Sept. 30, 2016)—to support her assertion that reasonable fear of retaliation "may be sufficient" to warrant equitable tolling (Op. Br. p. 17)—is misleading. In that action, the court granted a *pro se* prisoner leave to allege facts sufficient to show he pursued his claims with reasonable diligence. *Id*. at *39. However, the court was very clear that its findings were based on plaintiff's incarceration and *pro se* status. *See id*. at *35, 39 ("**in the prison context**, reasonable

---

[2] *See Ortiz v. Cornetta*, 867 F.2d 146 (2d Cir. 1989) (fact issue was date on which *pro se* office received plaintiff's complaint).

fear of retaliation may be sufficient"; "given Plaintiff's *pro se* status … the Court is hesitant to dismiss [his] claims"). Plaintiff is neither a prisoner nor *pro se*, so *Davis* is inapplicable.

**B.     CPLR § 213-c does not apply retroactively and is not a revival statute.**

Plaintiff's invocation of CPLR § 213-c is erroneous. The 20-year statute of limitations in CPLR § 213-c became effective as of September 18, 2019; the statute of limitations was 5 years as of 2006 and 1 year before then. (L. 2006, ch. 3, § 5(b).) The 20-year statute of limitations does not apply retroactively except "where the applicable statute of limitations in effect on the date of such act or omission has not yet expired." L. 2019, ch. 315, § 4. Therefore, CPLR § 213-c neither applies retroactively nor revives Plaintiff's claims, all of which expired nearly two decades ago.

**C.     This motion is proper and timely regardless of its title.**

Plaintiff's argument that the Co-Executors may only move to strike her punitive damages claim (Op. Br. pp. 1, 19) is both wrong and irrelevant. "[T]he technical name given to a motion challenging a pleading is of little importance … as prejudice to the nonmoving party hardly can result." *See* C. Wright & A. Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.).

Courts in this District regularly grant motions to dismiss punitive damages. *See, e.g.*, *The Cookware Co. (USA), LLC v. Austin*, No. 15-CV-5796, 2016 U.S. Dist. LEXIS 177691, at *17 (S.D.N.Y. Dec. 8, 2016) (Batts, J.) (granting motion to dismiss claim for punitive damages without leave to replead because allegations regarding defendant's bad-faith conduct were conclusory and did not rise to the required level of malice); *SJB v. N.Y.C. Dep't of Educ.*, No. 03-CV-6653 (NRB), 2004 WL 1586500, at *8 (S.D.N.Y. July 14, 2004) (Buchwald, J.) (granting motion to dismiss punitive damages claims which were not statutorily available); *Kunica v. St. Jean Fin.*, No. 97-CV-3804 (RWS), 1998 WL 437153, at *8-9 (S.D.N.Y. July 29, 1998) (Sweet, J.) (granting motion to dismiss claim for punitive damages because, even if conduct alleged in complaint was true, it did not rise to the level necessary to award punitive damages).

6

Courts in the Second Circuit, including in this District, also routinely grant motions to strike punitive damages including at the pleadings stage. *See, e.g.*, *In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 544 (S.D.N.Y. 2012) (granting defendant's motion to strike sections of first amended complaint asserting punitive damages); *Nash v. Coram Healthcare Corp.*, No. 96-CV-0298 (LMM), 1996 WL 363166, at *5 (S.D.N.Y. June 27, 1996) ("The motion to strike the punitive damages prayer from the Complaint is Granted."); *Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07-CV-7998 (HB), 2008 WL 1710910, at *7 (S.D.N.Y. Apr. 10, 2008) ("Because Defendant has failed to allege that Plaintiff's conduct was egregious and directed at the public generally, its claim for punitive damages cannot proceed."). Therefore, whether the Co-Executors' motion is deemed one to dismiss or strike, the Court should dispose of Plaintiff's punitive damages claim.[3]

**D.    There is no basis to disregard black-letter New York law applying the law of the place of alleged torts to the issue of punitive damages.**

Plaintiff's argument that "New York choice-of-law-rules" dictate the application of USVI law to the issue of punitive damages (Op. Br. p. 20) is wrong for two independent reasons. <u>First</u>, Plaintiff alleges the acts and omissions giving rise to her causes of action occurred in New York and Florida. (Compl. ¶¶ 40-42, 46.) Therefore, New York and Florida law applies to the issue of punitive damages. *See Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*, No. 14-CV-0463 (JMF), 2015 WL 2152816, at *3 (S.D.N.Y. May 7, 2015) ("Because punitive damages are conduct-

---

[3]Plaintiff cites *Amusement Indus. v. Stern*, 693 F. Supp. 2d 301 (S.D.N.Y. 2010). However, that court acknowledged a plaintiff's demand for punitive damages may be stricken where, as here, it is prohibited by law. *Id*. at 318 n.5 (citation omitted). Further, neither that case nor the others Plaintiff cites in support of her argument that striking her punitive damages claim would be premature involve a prohibition on such claims such as EPTL §11-3.2(a)(1). *See Hunter v. Palisades Acquistion XVI, LLC*, No. 16-civ-8779 (ER), 2017 WL 5513636, at *9 (S.D.N.Y. Nov. 16, 2017) (defendant moved to dismiss plaintiff's claim for punitive damages under her cause of action for conversion); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 536 (S.D.N.Y. 2013) (defendants alleged punitive damages were not available in the absence of malice and intent).

regulating, 'the law of the jurisdiction where the tort occurred will generally apply.'" (quoting *Deutsch v. Novartis Pharms. Corp.*, 723 F. Supp. 2d 521, 524 (E.D.N.Y. 2010)); *Guidi v. Inter-Continental Hotels Corp.*, No. 95-CV-9006 (LAP), 2003 WL 1846864, at *1 (S.D.N.Y. Apr. 16, 2003)).

Second, Plaintiff may not have the Court apply the first sentence of § 11-3.2(a)(1), permitting her to bring this case, but disregard the very next sentence precluding punitive damages. At least one New York federal court expressly rejected such an "anomalous situation." *See Blissett v. Eisensmidt*, 940 F. Supp. 449, 457 (N.D.N.Y. 1996) ("[I]t would be an anomalous situation indeed if plaintiff were allowed to proceed with this … action … because of [§] 11-3.2(a)(1), while at the same time he was allowed to recover … punitive damages.").

Plaintiff's premise used to gin up a purported connection to the USVI in this action—that Decedent "chose to probate his Estate" there and had allegedly abused other victims (but not Plaintiff) there (Op. Br. p. 21)—is specious. Plaintiff sues for damages based on torts that occurred in New York and Florida. Further, she chose to sue in New York. Therefore, the Court should reject Plaintiff's assertion that "[w]hereas the [USVI] has a strong interest in applying its law on punitive damages, New York and Florida have no conceivable interest in denying the [USVI] from advancing that interest." (*Id.* p. 21). The USVI has no interest in applying its punitive damages laws in a case brought by a non-USVI resident who alleges torts that took place in New York and Florida.

The sole connection to the USVI is that the Decedent's Estate is being probated there, 20 years after the alleged tortious conduct took place—a connection much weaker than the one deemed "tenuous" in *Nat'l Jewish Democratic Council v. Adelson*, 417 F. Supp. 3d 416 (S.D.N.Y. 2019), on which Plaintiff relies. Even under the framework of *Adelson*, New York, not the USVI,

8

has the greater interest in applying its laws and policies concerning Plaintiff's improper claim for punitive damages.

Plaintiff also misinterprets *Adelson*. In *Adelson*, the National Jewish Democratic Council and its chair sued Sheldon G. Adelson for damages based on Adelson's prior filing of a defamation suit against them in the same court pursuant to Nevada law. *Id*. at 421. The court had dismissed Adelson's prior action under Nevada's anti-SLAPP statute, which has its own punitive damages provision. *Id*. at 421, 426. In the action against Adelson, the court held that Nevada had a much stronger interest in applying its punitive damages law because Adelson had tried to use Nevada's defamation law to chill First Amendment rights. *Id*. at 426. By contrast, "New York's interest [was] relatively attenuated" in the second action because "[i]ts sole connection to this suit [was] that the suit was filed here." *Id*. Here, the situation is effectively the opposite, given the strong New York connection.

**E.      Even if USVI law applies, which it does not, it follows the majority rule prohibiting recovery of punitive damages against a tortfeasor's estate**.

Plaintiff does not dispute that New York law bars her punitive damages claim. Should the Court find New York law applies (it does), then Plaintiff's punitive damages claim should be dismissed. Even if the Court finds USVI law applies to Plaintiff's punitive damages claim (it does not), the result is the same. USVI courts apply a "*Banks* analysis" to determine U.S.V.I. common law, including consideration of: (1) whether USVI courts previously adopted a particular rule; (2) the position taken by a majority of other jurisdictions; and (3) most importantly, which approach is the soundest rule for the USVI. *Gov't of Virgin Islands v. Connor*, No. S. CT. CIV. 2013-0095, 2014 WL 702639, at *1 (V.I. Feb. 24, 2014). The *Banks* factors show that USVI courts would adopt the majority rule that punitive damages are not available against a deceased tortfeasor's estate: (1) previously, USVI courts favorably cited the Restatement section barring punitive

9

damages against estates, *see, e.g.*, *Hamilton v. Dowson Holding Co.*, 51 V.I. 619, 628 (D.V.I. 2009); *Booth v. Bowen*, No. CIV. 2006-217, 2008 WL 220067, at *5 (D.V.I. Jan. 10, 2008) (considering the inverse issue); (2) a majority of U.S. jurisdictions preclude awards of punitive damages based on wrongful acts of decedents, *see* 2 Linda L. Schlueter, *Punitive Damages* § 20.4 (7th ed. 2015) ("[A] majority of jurisdictions will not award punitive damages against a deceased tortfeasor's estate." (citation omitted)); and (3) post-*Banks*, USVI have found the Restatement § 908 is "the soundest rule," *Pappas v. Hotel on the Cay Time-Sharing Ass'n*, 69 V.I. 3, 15 n.8 (U.S.V.I. Super. Ct. 2015) (citing *Davis v. Christian*, 46 V.I. 557 (D.V.I. App. Div. 2005). *See also Isaac v. Crichlow*, 63 V.I. 38, 2015 WL 10568556 (V.I. Super. Ct. 2015); *St. Thomas House, Inc. v. Barrows*, 15 V.I. 435 (V.I. Terr. Ct. 1979); *Brandy v. Flamboyant Inv. Co., Ltd.*, 24 V.I. 249 (V.I. Terr. Ct. 1989); *Thomas v. Rijos*, 780 F. Supp. 2d 376, 380 (D.V.I. 2011).[4]

## CONCLUSION

For the reasons set forth above and in the Co-Executors' moving brief, the Co-Executors respectfully request that the Court dismiss Plaintiff's Complaint, together with such other and further relief the Court deems just and proper.

Dated: New York, New York
April 13, 2020

Respectfully submitted,

TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
212.704.6000

By: */s/ Bennet J. Moskowitz*
Bennet J. Moskowitz

*Attorneys for Defendants*

---

[4] Plaintiff argues that the USVI A.G.'s request for punitive damages in a USVI Criminally Influenced and Corrupt Organizations Act lawsuit against Decedent's Estate shows the third *Banks* factor weighs in Plaintiff's favor. However, that the USVI A.G. asks for something in a lawsuit is not legal authority. *See Stenberg v. Carhart*, 530 U.S. 914, 940 (2000).

10